This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                        **NO. 34,517**

**KEVEN VALLE a/k/a**
**KEVIN VALLE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyers, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's memorandum opinion in an on-record appeal of the metropolitan court proceedings, where Defendant was convicted for aggravated DWI and a stop sign violation. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that Defendant has established error. We, therefore, affirm.

{2}     On appeal, Defendant pursues two issues: (1) the metropolitan court abused its discretion by denying Defendant a continuance, thereby excluding the defense witness who did not appear for trial; [DS 22; MIO 4-7] and (2) insufficient evidence was presented to support his conviction for aggravated DWI. [DS 23; MIO 7-8] Our notice proposed to hold that the district court's analysis was thorough and well-reasoned, and we proposed to adopt it in its entirety. We informed Defendant that if he wishes to pursue his appeal to achieve an alternative resolution, then he must persuade us that the district court's analysis was incorrect. We address only those arguments Defendant has pursued in response to our notice, and take this opportunity to express our appreciation for the conciseness and responsiveness of his memorandum in opposition.

**Denial Of A Continuance**

**{3}** Defendant contends that the district court's analysis is incorrect in three respects: (1) Defendant had a legitimate motive for a continuance to secure the missing witness; [MIO 4-5] (2) the witness would have corroborated the defense theory that Defendant's mistakes on the field sobriety tests were not the result of his impairment by alcohol; [MIO 5] and (3) the denial of a continuance to secure the witness was an extreme sanction that deprived Defendant of a defense. [MIO 5-7] We are not persuaded that, on balance, the metropolitan court abused its discretion by denying the third continuance.

**{4}** Although the objectives of securing the witness for his interview and his trial testimony may have been legitimate, the metropolitan court was not persuaded that the defense had acted with diligence to achieve those objectives, having previously granted extensions for sixty days to no avail; and the metropolitan court was not persuaded Defendant demonstrated that he would accomplish those objectives with another continuance. [RP 125, 131] *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (stating that "[t]here are a number of factors that trial courts should consider in evaluating a motion for continuance, including the length of the requested delay, the likelihood that a delay would accomplish the movant's objectives, the existence of previous continuances in the same matter, the degree of inconvenience to the parties and the court, the legitimacy of the motives in requesting

3

the delay, the fault of the movant in causing a need for the delay, and the prejudice to the movant in denying the motion"). Under the factual circumstances presented, we see no error in these assessments.

{5} Furthermore, we are not persuaded that Defendant made a showing that the missing witness would have testified to such a crucial matter that his absence denied Defendant a defense. It appears the missing witness would have testified that Defendant was not drinking in the four hours leading up to the traffic stop and that he had consumed only two to three drinks four hours earlier. [RP 132; MIO 5] It appears, however, that both Defendant and the officer testified that this was Defendant's claim. [RP 132] We are not persuaded that the witness was crucial to the defense theory that the numerous indications that Defendant was driving under the unlawful influence of alcohol were the result of confusion and nervousness. [RP 125-27; MIO 5] For these reasons and those stated in the district court's memorandum opinion, [RP 129-33] we hold that Defendant has not demonstrated an abuse of discretion in the denial of the continuance.

**Sufficiency Of The Evidence**

{6} Defendant's memorandum in opposition does not contend that the district court's memorandum opinion inaccurately recounted the evidence presented. Defendant also does not present this Court any new legal argument indicating that the

4

evidence was insufficient. We continue to be persuaded that the district court's analysis of the evidence was correct and was sufficient to support a conviction. [RP 133-36]

{7}     For the reasons stated in this opinion and in our notice, we affirm Defendant's metropolitan court conviction for aggravated DWI and a stop sign violation.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

_____
**J. MILES HANISEE, Judge**